# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JEREMIAH L. METCALF,

                Plaintiff,

      v.

ANDREW CRAMER, et al.,

                Defendants.

CIVIL ACTION NO. 1:18-CV-02229

(JONES, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court is Plaintiff Jeremiah L. Metcalf's ("Metcalf") Motion to Amend/Correct[1] filed on February 27, 2021, in which Metcalf seeks leave to amend his Complaint a third time. (Doc. 80). The original Complaint was filed on November 19, 2018, Metcalf's First Amended Complaint was filed on March 27, 2019, and Metcalf's Second Amended Complaint was filed on February 3, 2020. (Doc. 1; Doc. 11; Doc. 55).

In his proposed Amended Complaint, Metcalf seeks to add a claim of after-the-fact conspiracy against Defendant Kimberly Wolfe ("Wolfe") and a failure to train claim, under *Monell*, against Defendant Shippensburg Borough ("Shippensburg"). (Doc. 81, at 3). At all times relevant to the Complaint, Metcalf resided at 115 Cortland Circle, Shippensburg, Cumberland County, Pennsylvania. (Doc. 55, at 2).

---

[1] Among the District Courts within the Third Circuit, a motion to amend is generally treated as a nondispositive matter, subject to decision by the magistrate judge." *Aguiar v. Recktenwald*, No. 3:13-CV-2616, 2014 WL 6062967 at *3 n. 2 (M.D. Pa. Nov. 12, 2014)

## I.    PROCEDURAL HISTORY

On November 19, 2018, Metcalf initiated this action by filing a *pro se* Complaint alleging claims pursuant to 42 U.S.C. § 1983. (Doc. 1, at 1). Metcalf filed an Amended Complaint on March 27, 2019. (Doc. 11). On December 14, 2019, Metcalf obtained counsel revoking his *pro se* status. (Doc. 48). On February 3, 2020, Metcalf filed a Second Amended Complaint against Defendants Cramer, Wolfe, and Shippensburg (hereinafter, collectively known as "Defendants") for due process, excessive force, failure to intervene, civil conspiracy, *Monell* liability, intentional infliction of emotional distress, assault, and battery. (Doc. 55, at 2-3, 15-21). In a Stipulation of Dismissal filed on February 10, 2020, the parties agreed to dismiss Metcalf's Due Process claim contained in Count I and his Civil Conspiracy claim with prejudice. (Doc. 59, at 1). The parties also agreed to preserve Metcalf's excessive force claim contained in Count I and dismiss his *Monell* liability claim without prejudice. (Doc. 59, at 1). Metcalf's claims arise from a search and arrest of his vehicle and person by Defendants that occurred on December 9, 2016. (Doc. 55, at 5-14). The incident stems from Metcalf's need to park his vehicle in a lumber yard as a result of suffering from a mental health episode. (Doc. 55, at 5-14). Metcalf seeks monetary damages in the form of compensatory damages, punitive damages, attorney's fees and the costs of maintaining this action as provided by statute. (Doc. 55, at 2).

On February 27, 2021, Metcalf filed the instant motion, seeking to amend his complaint "based upon new evidence developed." (Doc. 80, at 1). Metcalf avers that "information [has been] developed through discovery" providing facts to allege claims of after the fact conspiracy and a failure to train theory under *Monell*. (Doc. 81, at 3). Metcalf contends that such claims will require minimal additional briefing and discovery, and therefore "will

not cause any unfair prejudice to the Defendants [and i]nstead, . . . will ensure that this case is resolved on the merits, based on all of the evidence." (Doc. 81, at 4). Defendants oppose the motion on the grounds that it attempts to add a claim which has been dismissed through stipulation of the parties and that Metcalf has not demonstrated good cause to amend the complaint. (Doc. 84, at 8-12). The motion has been fully briefed and is ripe for disposition. (Doc. 80; Doc. 81; Doc. 84; Doc. 85).

## II. DISCUSSION

### A. MOTION TO AMEND STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course; (2) with the opposing party's written consent; or (3) by leave of court. Fed. R. Civ. P. 15. At this stage of litigation, Metcalf is not entitled to amendment as a matter of course, and as Defendants have not consented, he is required to seek leave of court to amend his complaint. Fed. R. Civ. P. 15(a)(d); (Doc. 84).

Decisions regarding motions to amend are committed to the court's broad discretion and will not be disturbed absent an abuse of that discretion. That discretion is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason ... the leave sought should, as the rules require, be 'freely given.'"). However, even under this liberal standard, a motion for leave to amend may be denied when justified. Permissible justifications for denial of leave to amend include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct

deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

B. *Monell* CLAIM AGAINST DEFENDANT SHIPPENSBURG

In considering the posture and circumstances of this case, the Court finds that justice is served by allowing Metcalf to add a *Monell* claim against Defendant Shippensburg. (Doc. 81, at 19-23). First, the general presumption is that parties should be granted leave to amend their pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Second, this matter has been stayed pending this Memorandum and Order. (Doc. 86). As such, resulting prejudice is minimal. Finally, Defendant Shippensburg was listed as a Defendant in the original Complaint and the possibility of including *Monell* claims was preserved in the stipulation by both parties on February 10, 2020. (Doc. 1, at 1; Doc. 59, at 1). These factors warrant a conclusion that Metcalf be permitted to add a *Monell* claim against Defendant Shippensburg.

A municipality or other local government entity may be liable under § 1983 when execution of its policy or custom inflicts a violation of a constitutional right. *Monell v. N.Y.C. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). To establish liability under *Monell*, a plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, and establish "a causal link" between the policy or custom and the constitutional injury alleged. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The municipal policy or custom must either be unconstitutional itself or be the "moving force" behind the constitutional deprivation. *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted). Causation can be established either by demonstrating that the policy or custom is facially unconstitutional or "by demonstrating that the municipal action was taken with deliberate

- 4 -

indifference as to its known or obvious consequences." *Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). "Policy is made when 'a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' 'issues an official proclamation, policy, or edict.'" *Andrews v. City of Phila.,* 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original). A custom is made when the practices of state officials, though not authorized by law, are "so permanent and well settled" as to have the effect of law. *Andrews*, 895 F.2d at 1480.

Failure to train employees can create a policy-based *Monell* claim, but only in limited circumstances. *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Thomas*, 749 F.3d at 222. To succeed on a failure-to-train claim, the plaintiff must show that the lack of training amounts to "deliberate indifference" to the constitutional rights of those who are affected by the undertrained employees. *Thomas*, 749 F.3d at 222 (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). The municipality must have "disregarded a known or obvious consequence" of its training policy, and the policy must be closely related to the plaintiff's injury. *Connick*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)).

Metcalf's proposed claim is that Shippensburg "has routinely failed to train its police officers on how to make appropriate first contact with victims with mental health crises, and how to follow procedures to ensure the safety of victims of mental health crises." (Doc. 81, at 20). If true, this could be an unconstitutional practice. *See Thomas,* 749 F.3d at 227, and the proposed amended complaint alleges a *Monell* claim against Shippensburg. (Doc. 80-1, at 17-29, 30-33); *see Losch*, 736 F.2d at 910. In the interest of justice, the Court grants Metcalf leave to amend his Complaint as to his *Monell* claim against Shippensburg. (Doc. 80-1, at 30-33).

C.  C̲ONSPIRACY C̲LAIM A̲GAINST D̲EFENDANT W̲OLFE

Under the presumption that parties should liberally be granted leave to amend a Complaint, Metcalf shall also be permitted amendment to include his conspiracy claim against Defendant Wolfe. *See Boileau*, 730 F.2d at 938. Resulting prejudice is minimal and Defendant Wolfe has been given notice of the lawsuit as other claims have been presented against her. (Doc. 1, at 1). Additionally, Metcalf has sufficiently alleged a conspiracy claim under § 1983. (Doc. 81, at 3; Doc. 80-1, at 33-34).

To state a conspiracy claim under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA*, 316 F.3d 392 (3d Cir. 2003). "[I]t is a longstanding rule in the Third Circuit that a mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim." *Deangelo v. Brady,* 185 F. App'x 173, 175 (3d Cir. 2006) (not precedential). Thus, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Instead, "[t]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Coulter v. Ramsden*, 510 F. App'x 100, 103 (3d Cir. 2013) (not precedential); *see also Twombly*, 550 U.S. at 556 (requiring "enough factual matter (taken as true) to suggest that an agreement was made"); *Startzell v. City of Phila., Pa.*, 533 F.3d 183, 205 (3d Cir. 2008) ("To constitute a conspiracy, there must be a 'meeting of the minds.' "). "A plaintiff must make specific factual allegations

- 6 -

of combination or understanding among all, or any, of the defendants to plot, plan or conspire to carry out the alleged chain of events." *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000) (quotations omitted). "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Grp., Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by Beck v. Prupis,* 529 U.S. 494 (2000).

Metcalf alleges that Defendants Wolfe and Cramer acted together in fabricating a favorable set of facts surrounding the incident "including falsely claiming that the Metcalf drive vehicle swerved toward Cramer rather than driving straight toward the exit." (Doc. 80-1, at 34). Metcalf has stated with sufficient particularity a situation in which it could be inferred that Defendants reached an understanding and carried out the alleged unconstitutional conduct. (Doc. 80-1, at 34); *see Coulter,* 510 F. App'x at 103; *Marchese,* 110 F. Supp. 2d at 371.

Although the added claims are meritorious and the presumption is to allow amendment, the Court will examine the effect of the parties' previous stipulation dismissing Metcalf's conspiracy claim with prejudice. (Doc. 59, at 1); *see Boileau,* 730 F.2d at 938. On February 10, 2020, both parties stipulated to the dismissal of Metcalf's civil conspiracy claim, with prejudice. (Doc. 59, at 1). Metcalf claims that "he has unearthed new evidence that supports his contention of an after the fact enterprise between Cramer and Wolfe." (Do. 81, at 5). Defendants contend that Metcalf has failed to exhibit "extraordinary circumstances" and that the notion of new evidence is merely a "guise" to reassert old claims. (Doc. 84, at 9).

Metcalf claims that new evidence has become available to adequately plead a claim for civil conspiracy. (Doc. 81, at 5). "The rationale behind the new evidence exception to the law of the case doctrine is that when the record contains new evidence, 'the question has not really been decided earlier and is posed for the first time.'" *Yuric v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386, 392 (M.D. Pa. 2004) (quoting *Bridge v. U.S. Parole Comm'n*, 981 F.2d 97, 103 (3d Cir. 1992). However, the new evidence must "differ[r] materially from the evidence" already on the record. *Hamilton v. Leavy*, 322 F.3d 776, 787 (3d Cir. 2003) (citing *In re City of Phila. Litig.,* 158 F.3d 711, 720 (3d Cir. 1998); *see also Yuric*, 343 F. Supp. 2d at 392. "Accordingly, if the evidence at the two stages of litigation is 'substantially similar,' or if the evidence at the latter stage provides more support for the decision made earlier, the law of the case doctrine will apply." *Hamilton*, 322 F.3d at 787 (quoting *City of Phila. Litig.,* 158 F.3d at 720); *see also Yuric*, 343 F. Supp. 2d at 392.

Metcalf alleges that a variety of evidence, including a Pennsylvania State Police file that was received on July 1, 2020, was "not available at the time Plaintiff stipulated to the dismissal of the conspiracy claim against Wolfe." (Doc. 81, at 6, 14). Specifically, Metcalf claims that with the examination of new evidence he was able to determine that Officer Wolfe's location would not have permitted her to view the incident with sufficient clarity so as to testify that "[i]t looked like the [Metcalf driven] vehicle was going to hit Officer Cramer." (Doc. 81, at 8-9). At this stage of litigation, the alleged newly discovered evidence presents sufficiently different material than what was available at the time of the parties' joint stipulation. (Doc. 59, at 1; Doc. 81, at  6; Doc. 85, at 2); *see Hamilton*, 322 F.3d at 787. Therefore, the Court will permit amendment of Metcalf's Complaint to include allegations of conspiracy against Defendant Wolfe. (Doc. 80-1, at 33-34).

III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (Doc. 80) is **GRANTED**, and Defendants shall file a response to the Complaint within 21 days.

An appropriate Order will follow.


BY THE COURT:


Dated: July 21, 2021                    *s/ Karoline Mehalchick*
                                        KAROLINE MEHALCHICK
                                        **Chief United States Magistrate Judge**